# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Nancy Litch,

                       Plaintiff,

      v.

Eastern Asset Management, LLC,
John Paul Nicolia, Esq.

                   Defendants.

Civil Action No.: _____

## COMPLAINT

For this Complaint, the Plaintiff, Nancy Litch, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      Plaintiff, Nancy Litch (hereafter "Plaintiff"), is an adult individual residing at 190 Bridge Street, Unit 2-306, Salem, MA 01970, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant, Eastern Asset Management, LLC (hereafter "Eastern Asset"), is a foreign limited liability company with a principal place of business at 3990 McKinley Parkway, Suite 4, Hamburg, New York 14219, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     Defendant, John Paul Nicolia, (hereafter "Nicolia" and together with Eastern Asset, the "Defendants"), upon information and belief, is a New York state licensed attorney located at 300 International Drive, Williamsville, New York 14221.

6.     The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7.     Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     Thereafter, the debt was purchased, assigned or transferred to Defendants for collection from Plaintiff.

9.     The Defendants then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

10.     The Plaintiff was repeatedly contacted by an individual who identified himself as Dominic Puntoriero ("Puntoriero") and who claimed to be a process server representing the law offices of John Paul Nicolia who, in turn, were attorneys for Eastern Asset Management, LLC.

11.     Puntoriero contacted the Plaintiff's husband and informed him that his wife would be arrested if the loan was not paid.

2

12.    Puntoriero was rude, nasty and abusive on the telephone to both the Plaintiff and the Plaintiff's husband.

13.    Puntoriero repeatedly threatened the Plaintiff with arrest.

14.    Puntoriero further used abusive and bad language, claiming that he "was going to dick around with her [Plaintiff] for $200.00," and was going to "have her [Plaintiff] for bad check laws."

15.    On May 4, 2009, Puntoriero contacted the Plaintiff and left a voicemail on her home answering machine, stating that he would be filing charges against the Plaintiff for debt incurred from the unpaid balance on a payday loan, on behalf of the law offices of John Paul Nicolia and Eastern Asset Management, LLC.

16.    The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

17.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.    The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

19.    The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

20.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

21.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

22.     The Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney, in violation of 15 U.S.C. § 1692e(3).

23.     The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

24.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

25.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendants employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

30.     Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

34.     Defendants intentionally intruded upon Plaintiff's right to privacy by harassing Plaintiff with telephone calls, abusing the Plaintiff with condescending and obscene language, and making baseless threats.

35.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

36.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37.    As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

38.    All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT VI

### PRACTICING LAW WITHOUT A LICENSE
### M.G.L. c. 221, § 46 and M.G.L. c. 221, § 46A

39.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.    The Defendants, in violation of M.G.L. c. 221, § 46A, engaged in the unauthorized practice of law, although they were not members in good standing of the Massachusetts Bar.

41.    The Defendants held themselves out to the public as being entitled to practice law, in violation of M.G.L. c. 221, § 46.

42.    The Plaintiff is entitled to damages as a result of these violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.    Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 4, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiffs
B.B.O. No. 650671